UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JACQUELIN JULIEN,
Petitioner,
v.
CHRISTOPHER LAROSE, et al.,
Respondents.

Case No.: 3:26-cv-4818-CAB-BJW

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Jacquelin Julien has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Having reviewed the Petition, Respondents' return, [Doc. No. 4], and Petitioner's traverse, [Doc. No. 5], the Court **DENIES** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Haiti who was removed from the United States on November 3, 2021. [Doc. No. 4-1 at 1.] Petitioner asserts that he later re-applied through the Customs and Border Protection ("CBP") One process and presented himself at the Hidalgo Port of Entry on July 16, 2023. [Petition at 2.] Immigration authorities initially detained Petitioner under 8 U.S.C. § 1225(b)(1) but after he expressed a fear of returning to Haiti, he was referred for a credible-fear interview which was ultimately positive. [*Id.*] The Department

of Homeland Security ("DHS") paroled Petitioner into the United States from August 3, 2023 until August 2, 2024, pursuant to 8 U.S.C. § 1182(d)(5)(A). [Doc. No. 1-2 at 3.] In July 2023, Petitioner filed an affirmative application for asylum. [Petition at 6.] Petitioner was recently detained at a CBP checkpoint near Campo, California on July 7, 2026. [*Id.* at 7.] On August 19, 2026, Respondents notified Petitioner of their intent to reinstate his prior final order of removal. [Doc. No. 4-1 at 1.]

## II. LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III. DISCUSSION

Petitioner argues that his recent detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act. [Petition at 10–14.] Respondents counter that by reinstating Petitioner's prior order of removal under 8 U.S.C. § 1231(a)(5), his detention is lawful under § 1231(a). [Doc. No. 4 at 2.] Section 1231(a)(5) provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

*See also* 8 C.F.R. § 241.8 (outlining reinstatement of removal orders). Petitioner argues that because he presented himself to border authorities and was paroled into the United States, his entry was not illegal for purposes of § 1231(a)(5). [Petition at 12.] Based on controlling circuit precedent, the Court disagrees.

First, the Ninth Circuit held in an *en banc* opinion that "a noncitizen therefore reenters the United States 'illegally' [for purposes of § 1231(a)(5)] when the noncitizen is forbidden by law from gaining admission into the country." *Tomczyk v. Garland*, 25 F.4th 638, 644 (9th Cir. 2022). In *Tomczyk*, the noncitizen argued that he did not enter the United States illegally—and thus could not be subject to reinstatement under § 1231(a)(5)—because a border official had waved him into the country at the Canadian border twenty-five years prior to his detention. *Id.* at 642. The Ninth Circuit disagreed based on the plain and ordinary meaning of illegal reentry under the statute. Because the noncitizen had been previously removed and was inadmissible, he illegally reentered the country regardless of the border official's "permission" to do so.

Second, in *Padilla-Ramirez v. Bible*, 882 F.3d 826, 829 (9th Cir. 2017), the Ninth Circuit held that § 1231(a) governed the mandatory detention of a noncitizen like Petitioner who reentered the country after removal, was detained by immigration authorities, claimed fear of return to his home country, and had his prior removal order reinstated.

The Court thus agrees with Respondents that Petitioner is lawfully subject to detention under § 1231(a) due to the reinstatement of his prior order of removal and so **DENIES** the Petition.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Petition.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: September 9, 2026

Hon. Cathy Ann Bencivengo
United States District Judge